## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA VAZQUEZ, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) | Judge |
| v. | ) ) | |
| AKSHAR MURTI HOSPITALITY, INC. d/b/a BAYMONT INN & SUITES, NEHAL PATEL, individually, and VIDYUT PATEL, individually | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff Yolanda Vazquez ("Plaintiff"), through her attorneys, on behalf of herself and all other persons similarly-situated, known and unknown, for her Complaint against Akshar Murti Hospitality, Inc. d/b/a Baymont Inn & Suites (hereinafter "Baymont"), Nehal Patel, individually, and Vidyut Patel, individually (collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly-situated persons.

2.      During the prior three years, Plaintiff and other similarly-situated employees worked for Defendants as housekeepers at Defendants' hotel.

3.      While Plaintiff and other similarly-situated persons worked for Defendants in excess of forty (40) hours per week in one or more individual work weeks during the last three years, Defendants did not pay them overtime at a rate of one and one-half times their regular rates

of pay, and instead paid them their regular rates of pay for all time worked.

4.      Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over Plaintiff's FLSA claims, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

8.      Plaintiff resides in and is domiciled in this judicial district.

9.      Defendant Akshar Murti Hospitality, Inc. is an Illinois corporation.

10.     Defendant Akshar Murti Hospitality, Inc. operates a hotel, Baymont Inn & Suites, located at 308 S. Lincolnway St., North Aurora, IL  60542.

11.     Defendant Vidyut Patel is the President and owner of Defendant Baymont.

12.     Defendant Vidyut Patel is involved in the day-to-day business operations of Defendant Baymont.  Among other things, Vidyut Patel has the authority to hire and fire employees, and to direct and supervise the work of employees.  Upon information and belief, Defendant Vidyut Patel had the authority to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and capital expenditures.

13.     Defendant Nehal Patel is the General Manager of Defendant Baymont.

14. Defendant Nehal Patel is involved in the day-to-day business operations of Defendant Baymont. Among other things, Nehal Patel has the authority to hire and fire employees, to direct and supervise the work of employees, to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and capital expenditures.

15. Defendant Baymont is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

16. Defendant Baymont is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

17. During the last three years, Defendant Baymont's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

18. During the course of her employment with Defendant Baymont, Plaintiff handled goods that moved in interstate commerce.

19. Defendant Baymont was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

20. Defendant Baymont was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

21. Plaintiff was Defendant Baymont's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

22. Plaintiff was Defendant Baymont's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

23. Defendant Vidyut Patel was Plaintiff's "employer" as that term is defined by the

FLSA, 29 U.S.C. § 203(d).

24.     Defendant Vidyut Patel was Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

25.     Plaintiff was Defendant Vidyut Patel's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

26.     Plaintiff was Defendant Vidyut Patel's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

27.     Defendant Nehal Patel was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

28.     Defendant Nehal Patel was Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

29.     Plaintiff was Defendant Nehal Patel's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

30.     Plaintiff was Defendant Nehal Patel's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

31.     Upon information and belief, Defendants Vidyut Patel and Nehal Patel reside in this judicial district.

**BACKGROUND FACTS**

32.     Plaintiff has worked for Baymont Inn & Suites as a housekeeper since approximately 2001.

33.     Upon information and belief, Defendant Vidyut Patel assumed ownership of Baymont Inn & Suites in approximately May 2013.

34.     Defendant Nehal Patel became the General Manager of Defendant Baymont in

approximately May 2013.

35.     Plaintiff ceased working for Defendants in approximately September 2015.

36.     Plaintiff's duties included, but were not limited to, the following: kept breakfast area stocked and clean; cleaned one entire floor of hotel rooms; cleaned hallways of all three hotel floors; swept parking lot; and cleaned all windows.

37.     During the last three years, Defendants regularly directed Plaintiff and other similarly-situated employees to work more than forty hours in individual work weeks.

38.     For example, for the semi-monthly pay period ending May 15, 2015, Plaintiff worked 138:15 hours.  See Exhibit B, attached hereto.

39.     Plaintiff worked over forty (40) hours a week in each work week in the pay period ending May 15, 2015.

40.     Defendants paid Plaintiff and other similarly-situated employees their regular rate of pay for all time worked, including hours worked in excess of forty (40) hours a week.

41.     For example, Defendant paid Plaintiff her regular rate of pay for all time she worked during the pay period ending May 15, 2015, including for the overtime hours she worked. See Exhibit B.

42.     Defendants did not pay Plaintiff at the rate of one and one-half times her regular rate for the time she worked in excess of forty (40) hours a week.

43.     Defendants did not pay other similarly-situated employees at the rate of one and one-half times their regular rate for the time they worked in excess of forty (40) hours a week.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Plaintiff on her own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 43 of this Complaint, as

if fully set forth herein.

44.     This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.,* for their failure to pay Plaintiff and other similarly-situated employees overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

45.     Plaintiff and other similarly-situated employees worked for Defendants as housekeepers and at no time were they exempt from the overtime pay provisions of the FLSA.

46.     In one or more work weeks during the last three years, Plaintiff and similarly-situated employees worked for Defendants in excess of forty (40) hours per week.

47.     Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay for all time she worked in excess of forty (40) hours during individual work weeks.

48.     In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiff one and one-half times her regular rate for the time she worked over forty (40) hours in individual work weeks, and instead paid them her straight time regular rate for all time worked.

49.     Pursuant to 29 U.S.C. § 207, similarly-situated employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

50.     In one or more work weeks during the last three (3) years, Defendants did not pay similarly-situated employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual workweeks, and instead paid them at their straight time regular rates for all time worked.

51.     Defendants violated the FLSA by failing to pay Plaintiff overtime wages for hours

worked in excess of forty (40) hours in one or more individual work weeks.

52. Defendants violated the FLSA by failing to pay similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

53. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and other similarly-situated employees have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiff and other similarly-situated employees pray for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. judgment that Plaintiff and other similarly-situated employees are non-exempt employees protected by the overtime provisions of the FLSA;

C. judgment against Defendants for violation of the overtime provisions of the FLSA;

D. judgment that Defendants' violations of the FLSA were willful;

E. an award of owed overtime wages for all overtime worked by Plaintiff and similarly-situated employees during the prior three years;

F. liquidated damages in an amount equal to the amount of unpaid overtime wages;

G. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

H. such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Plaintiff individually)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 53 of this Complaint, as

if fully set forth herein.

54.     This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

55.     During the last three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

56.     At no time during her employment by Defendants was Plaintiff exempt from the overtime provisions of the IMWL.

57.     For all time worked in excess of forty (40) hours in an individual work week, Plaintiff was entitled to be paid one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours.

58.     Defendants did not pay Plaintiff overtime at one and one-half times her regular rate, and instead paid Plaintiff her straight time regular rate for all time worked over forty (40) hours during one or more individual work weeks.

59.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     judgment in the amount of all back wages owed to Plaintiff under the IMWL;

B.     prejudgment interest on the back wages owed to Plaintiff in accordance with 815 ILCS 205/2;

C.     punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

E.     such other and further relief as this Court deems just and proper.

Respectfully submitted,


Dated:  August 18, 2016                    s/Maureen A. Salas
                                           One of Plaintiff's Attorneys


Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008